**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>             Plaintiff,<br><br>     v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>             Defendant. | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TP-LINK TECHNOLOGIES CO., LTD.'S MOTION TO DISMISS FOR INVALID SERVICE OF PROCESS UNDER RULE 12(B)(5) AND LACK OF JURISDICTION UNDER RULE 12(B)(2), OR IN THE ALTERNATIVE, TO VACATE THE COURT'S DECEMBER 7, 2020 ORDER AND TO QUASH FOR INVALID <u>SERVICE OF PROCESS</u>**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................................................... 1

II.  FACTUAL BACKGROUND ........................................................................................ 2

III.  LEGAL BACKGROUND .............................................................................................. 4

IV.  ARGUMENT ................................................................................................................. 6

    A.  Plaintiff Cannot Avoid the Hague Convention ..................................................... 6

    B.  Plaintiff's Alternative Service Is Also Invalid Under Rule 4(f)(3) ........................ 9

    C.  Plaintiff's Mail Service is Invalid Because Plaintiff Failed to Obtain a Signed Return Receipt as Required by Texas Law ......................................................... 11

    D.  The Principle of Comity Also Insists That Plaintiff's Service Be Found Invalid  13

V.  CONCLUSION ............................................................................................................. 16

**TABLE OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

*Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*,
    No. SA-05-CA-172-XR, 2005 WL 1862631 (W.D. Tex. July 8, 2005)...............................6, 7

*In re Auto. Parts Antitrust Litig.*,
    No. 16-CV-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017)..................................9, 10

*Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*,
    54 F. Supp. 2d 691 (S.D.Tex.1999) ...................................................................................6, 7

*Bolden v. Greenpoint Mortg. Funding, Inc.*,
    No. 3:04-CV-379-P, 2004 U.S. Dist. LEXIS 20508 (N.D. Tex. Oct. 13, 2004) ....................12

*Brewer v. Suzuki Motor of Am., Inc.*,
    No. 4:15-CV-197, 2015 WL 4433046 (S.D. Tex. July 17, 2015) ........................................6, 7

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
    No. 15-CIV-21737, 2017 WL 4346968 (S.D. Fla. Sept. 29, 2017)........................................10

*Compass Bank v. Katz*,
    287 F.R.D. 392 (S.D. Tex. 2012)..........................................................................................8

*Convergen Energy LLC v. Brooks*,
    2020 WL 4038353 (S.D.N.Y. July 17, 2020) ......................................................................10

*In re Dennis*,
    330 F.3d 696 (5th Cir. 2003) ................................................................................................13

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
    No. 12-15622, 2013 WL 6797175 (E.D. Mich. Oct. 2, 2013)..........................................10, 11

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
    881 F. Supp. 2d 745 (E.D. Tex. 2012) .................................................................................15

*Fed. Ins. Co. v. C.D. Henderson Inc.*,
    No. A-07-CA-982-SS, 2009 WL 10670098 (W.D. Tex. Feb. 20, 2009)..................................3

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*,
    107 F. Supp. 3d 134 (D.D.C. 2015) ....................................................................................10

*Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
    921 F.3d 522 (5th Cir. 2019) ................................................................................................2

*Ima Jean Robinson Springs v. Sec. Fin. Corp. of Texas*,
    No. SA-11-CA-797-OG, 2011 WL 13324311 (W.D. Tex. Nov. 21, 2011) ...........................11

## TABLE OF AUTHORITIES (cont'd)

**Cases**                                                                                           **Page(s)**

*James Avery Craftsman*,
   No. SA-16-CV-00463-OLG 2018 WL 4688778 (W.D. Tex. July 5, 2018) ........................6, 13

*Johnson v. Johnson*,
   No. 09-03-537-CV, 2004 WL 2610422 (Tex. App. Nov. 18, 2004) ......................................13

*King v. United States*,
   65 Fed. Cl. 385 (Fed. Cl. 2005) .............................................................................................10

*Martinez v. Texas*,
   No. 6:18-CV-00134-ADA, 2018 WL 7288573 (W.D. Tex. Oct. 17, 2018),
   *aff'd*, 772 F. App'x 114 (5th Cir. 2019)................................................................................2, 5

*Medellin v. Texas*,
   552 U.S. 491 (2008)........................................................................................................13, 14

*O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.)*,
   309 F. App'x 833 (5th Cir. 2009) .............................................................................................5

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987)...................................................................................................................4

*Paradigm Entm't, Inc. v. Video Sys. Co.*,
   No. CIV. A. 3:99-CV2004P, 2000 WL 251731 (N.D. Tex. Mar. 3, 2000) ............................11

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*,
   No. 5:20-CV-141-M-BQ, 2020 WL 6063452 (N.D. Tex. Oct. 14, 2020)................7, 8, 14, 16

*Sang Young Kim*,
   909 F.Supp. at 479 (S.D. Tex.1995) ...................................................................................6, 7

*Sheets v. Yamaha Motors Corp., U.S.A.*,
   891 F. 2d 533 (5th Cir. 1990) ..................................................................................................5

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988)................................................................................................................7

*Way v. Mueller Brass Co.*,
   840 F.2d 303 (5th Cir.1988) ...................................................................................................8

*L.K. ex rel. Yarborough v. Mazda Motor Corp.*,
   No. CIV A 3:09-CV-469-M, 2009 WL 1033334 (N.D. Tex. Apr. 15, 2009)...........................9

*Zubia v. Coleman & Associates, P.C.*,
   No. EP-06-CV-00403-KC, 2006 WL 4453939 (W.D. Tex. Dec. 21, 2006) ..........................13

## <u>TABLE OF AUTHORITIES (cont'd)</u>

**Statutes**                                                                    **Page(s)**

20 U.S.T. 361 ..........................................................................................................6, 8

Tex. Bus. Corp. Act Art. 2.11(A) .......................................................................12

Tex. Civ. Prac. & Rem. Code Ann. §17.041(2) ...................................................5

Tex. Civ. Prac. & Rem. Code Ann. §17.043 .......................................................5

Tex. Civ. Prac. & Rem. Code Ann. § 17.045 ...............................................5, 6, 7

**Other Authorities**

China - Central Authority & Practical Information.
    https://www.hcch.net/en/states/authorities/details3/?aid=243 ...................................6

Fed. R. Civ. P. 4 ........................................................................................ *passim*

Fed. R. Civ. P. 12(b) .................................................................................. *passim*

Restatement (Third) of Foreign Relations Law § 471, cmt. e (1987).............................8

Tex. R. Civ. P. 106(a)(2)...........................................................................11, 12

## I.   INTRODUCTION

TP-Link Technologies Co., Ltd. (联洲技术有限公司) (hereinafter, "TP-Link China")
moves the Court to dismiss this case for invalid service of process under Rule 12(b)(5) and lack
of personal jurisdiction under Rule 12(b)(2), or in the alternative, to vacate its December 7, 2020
Order and to quash Plaintiff's alternative service, for the following reasons:

- First, Plaintiff has failed to follow the procedures set out in the Hague Convention,[1]
  which are mandatory under Texas law.

- Second, although the Court granted Plaintiff's *ex parte* reconsideration motion and
  Plaintiff purports to have effected service pursuant to the Court's Order: (1) via email
  to TP-Link China's former U.S. counsel; and (2) via "Certified Mail" to TP-Link
  USA Corporation located in California,[2] both methods of service are invalid under
  Rule 4(f)(3) because they are service within the United States.

- Third, Plaintiff failed to follow the Texas rules for mail service, which require a
  return receipt with signature.

- Fourth, Plaintiff completely disregarded principles of comity and unjustifiably
  evaded standard, formal service of process requirements, activities that this Court
  should not find satisfactory.

TP-Link China makes this special appearance for the sole purpose of contesting
jurisdiction.[3]

---

[1]   "Hague Convention" or "Convention" refers to the Convention on Service Abroad of Judicial and Extrajudicial
Documents in Civil or Commercial Matters, 20 U.S.T. 361.

[2]   TP-Link USA Corporation ("TP-Link USA") is located in Brea, California (within the Central District of
California).  Plaintiff WSOU did not name TP-Link USA as a defendant.

[3]   This Court has acknowledged that "[t]he law is clear that Rule 12(b)(5) permits a defendant receiving notice of
a lawsuit to file a motion to dispute the validity of service without waiving the very defects in service that
would be addressed by such a motion.  Otherwise, Rule 12(b)(5) and the concept of quashing or otherwise

## II.   FACTUAL BACKGROUND

Defendant TP-Link China is a corporation organized under the laws of China, with its

principal place of business in the city of Shenzhen.  On October 31, 2020, Plaintiff WSOU—a

Delaware patent assertion entity that has filed over 150 infringement actions in the last year—

filed eleven complaints against "TP-Link Technology Co., Ltd."  In each of the eleven cases,[4]

the Court issued a summons on November 2, 2020.[5] (Dkt. No. 6).

On November 9, 2020, without making any attempt to serve TP-Link China through the

Hague Convention, Plaintiff moved for leave to effect alternative service under Rule 4(f)(3).

(Dkt. No. 10).  Plaintiff through a proposed Order sought to effect service: via email upon two

attorneys alleged to be TP-Link China's "recent U.S. counsel," and "via registered mail carrier

with return receipt" upon TP-Link China's alleged "subsidiary:"

> Plaintiff may serve Defendant via email upon its recent U.S. counsel
> Mr. Stephen R. Smerek, ssmerek@foley.com and Ms. Tiffany K.
> Sung, tsung@foley.com and via registered mail carrier with return
> receipt upon Defendant's U.S. subsidiary TP-Link USA
> Corporation located at 145 S. State College Blvd. Suite 400, Brea,
> California 92821.

(Dkt. No. 10-3).

The Court denied Plaintiff's motion without prejudice on November 12, 2020,

concluding that WSOU should "exhaust available avenues" and make attempts in "good faith:"

---

attacking service would be a nullity." *Martinez v. Texas*, No. 6:18-CV-00134-ADA, 2018 WL 7288573, at *1
(W.D. Tex. Oct. 17, 2018) (Albright, J.), *aff'd*, 772 F. App'x 114 (5th Cir. 2019).  The Fifth Circuit has
repeatedly confirmed that "a non-resident defendant may participate in litigation without submitting to the
court's jurisdiction so long as it maintains its objection to personal jurisdiction."  *Haliburton Energy Servs., Inc.
v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019).

[4]   The eleven cases, which each assert a single patent, are: Civil Action Nos. 20-cv-01012-ADA; 20-cv-1013-
ADA; 20-cv-1014-ADA; 20-cv-1015-ADA; 20-cv-1016-ADA; 20-cv-1017-ADA; 20-cv-1018-ADA; 20-cv-
1019-ADA; 20-cv-1020-ADA; 20-cv-1021-ADA; and 20-cv-1022-ADA.

[5]   Plaintiff incorrectly named "TP-Link Technology Co., Ltd." as the defendant in each of its eleven cases; the
actual name of the company is "TP-Link Technologies Co., Ltd."  TP-Link China objects to service based on
this error as well.

> After careful consideration of the Plaintiff's arguments, the Court
> DENIES the Motion without prejudice.  The Court notes that
> Plaintiff has not even attempted to serve Defendant through readily
> available means.  Therefore, this Court will not allow alternative
> service.  However, the Court notes that if Plaintiff is still unable to
> effectuate service after exhausting all available avenues and
> attempting in good faith to serve Defendant, this Court will allow
> Plaintiff to file a motion again requesting leave to effect alternative
> service."

(November 12, 2020 Text Order).

Several days later, Plaintiff moved for reconsideration.  (Dkt. No. 11)  Plaintiff failed to include any standard governing its reconsideration motion, such as to correct "manifest errors of law or facts or to present newly discovered evidence."[6]  Given that Plaintiff's two motions were *ex parte*, there were no oppositions to Plaintiff's arguments.

On December 7, 2020, the Court granted Plaintiff's reconsideration motion, stating in relevant part:

> After careful consideration of the Motion and all other matters
> properly before the Court, the Court GRANTS the Motion.

(December 7, 2020 Text Order).  On that same day, Plaintiff sent an email to the two attorneys identified in the proposed Order (at the firm Foley & Lardner LLP ("Foley")), with the subject line reading: "Service of process on TP-Link Technology Co., Ltd." and including PDF attachments of the motions, orders, and summons from all eleven cases.  (Dkt. No. 12 at 6). Foley immediately responded to explain that the firm did not represent TP-Link China and could not accept service:

> Neither myself, nor Ms. Sung or Foley & Lardner LLP, represent
> TP-Link Technologies in this matter or any other matter at this time.

---

[6] For example, Plaintiff did not consider that "motions for reconsideration are appropriate to correct manifest errors of law or fact or to present newly discovered evidence." *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. A-07-CA-982-SS, 2009 WL 10670098, at *2 (W.D. Tex. Feb. 20, 2009) (Sparks, J.).

> Accordingly, we cannot and do not except [sic] service of process
> of this, or any other matter, on their behalf.

(Dkt. No. 13 at 2).

Plaintiff nonetheless filed a purported "Proof of Service" with the Court (Dkt. No. 12),

with the docket entry stating that TP-Link China was served on December 12, 2020.  Plaintiff

claimed in the Proof of Service that it accomplished service "via Certified Mail" on TP-Link

USA and "via email" on the attorneys at Foley:

> ☒ Other *(specify):* Service accomplished via Certified Mail with Electronic Delivery Confirmation
> USPS# 94026118987658238775368 Delivered on December 12, 2020 and via email
> on ssmerek@foley.com and tsung@foley.com on December 7, 2020 pursuant to the
> Court's order granting leave to effect alternative service.

(Dkt. No. 13 at 1).  Plaintiff included with its Proof of Service the original December 7, 2020

email that it had sent to Foley, but did not include Foley's email response that Foley did not

represent TP-Link China and could not accept service.  (Dkt. No. 12 at 6).  Plaintiff also did not

include a return receipt with signature from anyone at TP-Link USA.

Foley submitted to the Court on December 18, 2020 a "Notice of Non-Representation,"

which informed the Court that no Foley attorney represented TP-Link China and that Foley had

no authorization to accept service on behalf of TP-Link China.  (Dkt. No. 13 at 2).  Foley's

Notice of Non-Representation also included the full email exchange it had with Plaintiff's

counsel on December 7, 2020.  *Id.*

## III.    LEGAL BACKGROUND

It is axiomatic that "before a federal court may exercise personal jurisdiction over a

defendant, the procedural requirement of service of summons must be satisfied."[7]  A defendant

can assert a defense for insufficiency of service of process by bringing a motion under Rule

---

[7]    *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

12(b)(5).[8]  Once sufficiency of service is challenged, "[t]he plaintiff bears the burden of establishing its validity."[9]

When serving a foreign defendant service must comply with the Hague Convention "if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F. 2d 533, 537 (5th Cir. 1990) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 (1988)).  "In determining whether service involves the transmittal of documents abroad, courts are to look to the method of service prescribed by the internal law of the forum state."  *Id.*

Here, the relevant forum state is of course Texas, and the long-arm statute under Tex. Civ. Prac. & Rem. Code Ann. §17.043 dictates service requirements on nonresidents:[10]

> In an action arising from a nonresident's business in this state, process may be served on the person in charge, at the time of service, of any business in which the nonresident is engaged in this state if the nonresident is not required by statute to designate or maintain a resident agent for service of process.

Section 17.045(c) directs specific notice requirements for service made pursuant to Section 17.043, including mailing a copy of the process and notice to the non-resident or the non-resident's principal place of business:

> If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately ***mailed to the nonresident or the nonresident's principal place of business***.

*Id. at* § 17.045(c) (emphasis added).

---

[8]    *Martinez*, 2018 WL 7288573, at *1.

[9]    *O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.)*, 309 F. App'x 833, 835 (5th Cir. 2009).

[10]    "Nonresident" includes "a foreign corporation."  Tex. Civ. Prac. & Rem. Code Ann. §17.041(2).

Service of process on foreign defendants under Sections 17.043 and 17.045 thus involves the transmittal of documents abroad, and therefore invokes the requirements of the Hague Convention.  *See, e.g., Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54 F. Supp. 2d 691, 693 (S.D.Tex.1999); *Sang Young Kim*, 909 F.Supp. at 479 (S.D. Tex.1995); *Brewer v. Suzuki Motor of Am., Inc.*, No. 4:15-CV-197, 2015 WL 4433046, at *2 (S.D. Tex. July 17, 2015); *Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co*., No. SA-05-CA-172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005).

The Hague Convention, of which the United States and China are signatories, "sets forth the permissible methods of effecting service abroad."  *James Avery Craftsman*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *4 (W.D. Tex. July 5, 2018) (Garcia, Ch. J).  The primary method of service authorized by the Convention is through a member state's "Central Authority."  *See* 20 U.S.T. 361, Arts. 2-7.  The Central Authority of each member state may then execute service pursuant to its own internal laws, or according to a particular method requested by the requesting state.  *Id.*  For China, service under the Hague Convention is principally facilitated by the Chinese Central Authority.  *See* 20 U.S.T. 361, Art. 5.  Service in China pursuant to the Hague Convention requires that all documents served be written in Chinese or that a Chinese translation be attached.[11]

## IV.   ARGUMENT

### A.   Plaintiff Cannot Avoid the Hague Convention

Plaintiff cannot meet its burden to show that its purported service on TP-Link China is valid.  Its failure to follow Hague Convention, which is mandatory in this case, render service defective.

---

[11]   20 U.S.T. 361, Art. 5(3); China - Central Authority & Practical Information. https://www.hcch.net/en/states/authorities/details3/?aid=243.

In particular, the method of service in this case is governed by the long-arm statute of the forum state, i.e., Texas. *See Schlunk*, 486 U.S. at 706. The Texas long-arm statute, through Sections 17.043 and 17.045, requires "a copy of the process and notice of the service must be immediately ***mailed to the nonresident or the nonresident's principal place of business.***" Tex. Civ. Prac. & Rem. Code Ann. § 17.045 (emphasis added); *see also Bayoil Supply*, 54 F. Supp. 2d at 693.

Thus, for a "foreign resident [such as TP-Link China], notice must be mailed abroad, triggering the requirements of the Hague Convention." *Id.*; *see also Brewer*, No. 4:15-CV-197, 2015 WL 4433046 at *2 (S.D. Tex. July 17, 2015); *Alternative Delivery Sols.*, No. SA-05-CA-0172-XR, 2005 WL 1862631, at *2 (Rodriguez, J.) (W.D. Tex. July 8, 2005) ("Because the Secretary must mail the notice to Mexico, this transmittal of service documents abroad implicates the Hague Convention and its requirements"). "Texas courts strictly construe the long-arm statute, and consistently conclude that failure to strictly comply with the statute by forwarding a copy of the process to the nonresident defendant as required by section 17.045 deprives the court of jurisdiction over the defendant." *Sang Young Kim*, 909 F. Supp. At 479. Once triggered, compliance with the Hague Convention is mandatory. *See Schlunk*, 486 U.S. at 700.

Plaintiff's purported service (via email to former counsel Foley and via mail to TP-Link USA) fails to meet the mandatory requirements of the Hague Convention. Instead, the primary method of service on China authorized by the Hague Convention requires sending translated documents to the Chinese Central Authority. *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *5 (N.D. Tex. Oct. 14,

2020).  Plaintiff has provided no indication that it has attempted service through the Chinese

Central Authority.[12]

While the Hague Convention provides certain alternatives to service through the Central

Authority, none of those apply here.  Article 10, for example, relates to service via postal mail

channels—but notably the Article 10 provisions do not apply to Hague signatories that have

objected to them.  20 U.S.T. 361, Art. 10.  China is one of many signatories that has expressly

objected to Article 10.  *See Prem Sales*, 2020 WL 6063452 at *6.  Plaintiff is therefore required

to proceed with service via the Chinese Central Authority, except for limited circumstances not

at issue here.[13]  *See Compass Bank v. Katz*, 287 F.R.D. 392, 397 (S.D. Tex. 2012) (stating that

Mexico's objection to Article 10 means that "service through Mexico's Central Authority is the

exclusive method of service of process on parties in Mexico under the Hague Convention"); *see*

*also* Restatement (Third) of Foreign Relations Law § 471, cmt. e (1987) ("for states that have

objected to all of the alternative methods [of Article 10], service through the Central Authority is

in effect the exclusive means.").

Because Plaintiff's alternative service is not accordance with the Hague Convention, the

Court should grant TP-Link China's motion and either dismiss this case under Rule 12(b)(5) and

12(b)(2), or in the alternative, vacate its December 7, 2020 Order and quash Plaintiff's purported

service of process, consistent with due process and fundamental fairness.  "Plaintiffs must

comply with the requirements of the Hague Convention in order to properly commence a lawsuit

against a foreign defendant, and the fact that Defendant has appeared despite the defective

---

[12]   Fish & Richardson's appearance in this case for TP-Link China does not affect Plaintiff's obligation to
effectuate proper service.  As the Fifth Circuit has repeatedly held, "actual notice of the litigation ... is
insufficient to satisfy Rule 4's requirements."  *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988).

[13]   The Hague Convention provides other alternative service in limited circumstances, but Plaintiff has not set forth
that any such circumstances are applicable here.  *See* Notes of Advisory Committee on 1993 Amendment to
Rule 4, subdivision (f).

service does not make the Hague Convention or Rule 4 superfluous." *L.K. ex rel. Yarborough v. Mazda Motor Corp.*, No. CIV A 3:09-CV-469-M, 2009 WL 1033334, at *2 (N.D. Tex. Apr. 15, 2009) (quotation marks omitted).

**B.       Plaintiff's Alternative Service Is Also Invalid Under Rule 4(f)(3)**

Even assuming *arguendo* that Plaintiff can interpret the Texas long-arm statute to avoid the triggering of the Hague Convention, Plaintiff's Rule 4(f)(3) alternative service still cannot stand.  This is because its service on former ***U.S.*** counsel and on a company located in the ***U.S.*** is service made in the United States, and thus incompatible with "the plain language of Rule 4(f)(3) [which] limits the Rule to service made outside of the United States."  *In re Auto. Parts Antitrust Litig.*, No. 16-CV-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017).

The limited geographic scope of Rule 4(f)(3) stems from the express language of Rule 4, which states that a defendant: "**may be served *at a place not within* any judicial district in the United States**" in one of three ways: (1) "through an internationally agreed upon form of service "reasonably calculated to give notice," such as the Hague Convention; (2) if "no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;" or (3) "by other means not prohibited by international agreement, as the court orders".  Rule 4(f) (emphasis added).

This language specifying the limited applicability of Rule 4(f) to service at a place not within the United States is meaningful and reflects the differentiated design of Rule 4 as a whole. Rule 4(e) for example, sets forth the means for service "***in a judicial district*** of the United States. And, Rule 4(h) sets forth two separate sets of procedures for entities depending on whether service is made "***in a judicial district*** of the United States" or "***at a place not within*** any judicial district of the United States."

Numerous courts have addressed the use of Rule 4(f)(3) and have concluded that the Rule cannot be used for methods of service that occur in the United States.[14]  For example, the court in *Convergen Energy LLC v. Brooks* examined the scope of Rule 4(f)(3) and found that serving a foreign corporation via U.S. counsel—as Plaintiff has done here—is improper.  No. 20-CV-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020).  The plaintiff there had, after first attempting service under the Hague Convention, requested alternative service on various Spanish defendants.  *Id.*  The plaintiff requested service via email to defendants' U.S. counsel, who had been corresponding with the plaintiff about the legal dispute, and who ultimately made a special appearance in the case to challenge the plaintiff's motion for alternative service.  *Id.* at 2.  The court found that "Plaintiff's request runs squarely up against the language of Rule 4(f) and the structure of Rule 4 as a whole," and concluded that Rule 4(f)(3) does not permit service on Spanish defendants via U.S. counsel, because the place of service is within the United States.  *Id.* at 7-10.

*Convergen Energy* is analogous to this case.  Here, there is no dispute that the Foley attorneys who were purportedly served (and who, in contrast with the counsel in *Convergen Energy*, are not representing Defendant in any matters)[15] are located in Los Angeles.  Thus,

---

[14]   *See In re Auto. Parts Antitrust Litig.*, No. 16-CV-4003 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017); *see also Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737, 2017 WL 4346968, at *13 (S.D. Fla. Sept. 29, 2017) ("[T]he plain language of Rule 4(f)(3) requires that the alternative service sought contain, at least, some component of service that will occur outside of the United States." *Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 107 F. Supp. 3d 134, 137-39 (D.D.C. 2015) ("[B]ased on a textual reading of subsections (h) and (f)(3) of Rule 4 ... service cannot occur in the United States" pursuant to Rule 4(f)(3)) (emphasis in original); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2013 WL 6797175, at *3 (E.D. Mich. Oct. 2, 2013) ("Court ordered service under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States.").

[15]   The fact that Foley does not represent TP-Link China and was not authorized to accept service is yet another reason Plaintiff has not met its burden to show valid service.  *See King v. United States*, 65 Fed. Cl. 385, 399–400 (Fed. Cl. 2005) (finding that where the government sent notice to former counsel and no notice was sent to the individual directly, notice was not sent in a manner reasonably calculated to apprise the individual of a pending matter affecting her rights).

Plaintiff's email service on Foley was within the United States—outside the scope of what is permitted under Rule 4(f)(3).

The same conclusion must also be reached with respect to Plaintiff's purported Rule 4(f)(3) service via United States Postal Service mail to non-party TP-Link USA, which is located in the United States.  In *Drew Techs.*, the court vacated its prior order that granted alternative service on a German defendant via its related U.S. companies, on the basis that service under Rule 4(f)(3) may be effected only outside of the United States.  2013 WL 6797175 at *1-4.  Here, because TP-Link USA is located in the United States, mailing of the summons is outside the scope of Rule 4(f)(3), and the purported service is invalid.[16]

Thus, Plaintiff cannot put forward a valid theory for its two methods of service.  Either its purported service is outside the United States, so that the Hague Convention procedures applies, or it is within the United States, taking it outside the scope of what is permissible under Rule 4(f)(3).

### C.    Plaintiff's Mail Service is Invalid Because Plaintiff Failed to Obtain a Signed Return Receipt as Required by Texas Law

Plaintiff's purported service of process on TP-Link USA cannot stand for yet another reason:  Plaintiff failed to follow Texas state rules governing mail service.  Texas law authorizes service of process via "registered or certified mail, with return receipt requested."  Tex. R. Civ. P. 106(a)(2).  This is no surprise to Plaintiff, as it had included this requirement in its proposed

---

[16]   Plaintiff has also not met its burden in showing that TP-Link USA can receive service on behalf of TP-Link China.  *See, e.g., Ima Jean Robinson Springs v. Sec. Fin. Corp. of Texas,* No. SA-11-CA-797-OG, 2011 WL 13324311*, at *7 (W.D. Tex. Nov. 21, 2011); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. CIV. A. 3:99-CV2004P, 2000 WL 251731, at *3 (N.D. Tex. Mar. 3, 2000) ("Plaintiff has not proven that [Japanese] Defendant controls the internal business operations of [U.S. subsidiary].  Therefore, the Court cannot conclude that Defendant's subsidiary was so controlled by Defendant that service upon the subsidiary constituted service upon Defendant in Japan.").  Plaintiff's allegation that TP-Link USA is a subsidiary of TP-Link China is factually unsupported.

Order to the Court (which the Court granted).  (Dkt. No. 10-3 (November 9, 2020)).  Under

Texas law, the return receipt must also bear the addressee's signature:

> When the citation was served by registered or certified mail as
> authorized by Rule 106, the return by the officer or authorized
> person must also contain the return receipt with the addressee's
> signature.

Tex. R. Civ. P. 106(a)(2).

Texas law also requires that service of process on a corporation must be directed to

specific persons at the corporation:

> The president and all vice presidents of the corporation and the
> registered agent of the corporation shall be agents of such
> corporation upon whom any process, notice, or demand required or
> permitted by law to be served upon the corporation may be served.

Tex. Bus. Corp. Act Art. 2.11(A); *see also, Bolden v. Greenpoint Mortg. Funding, Inc.*, No.

3:04-CV-379-P, 2004 U.S. Dist. LEXIS 20508, at *14-15 (N.D. Tex. Oct. 13, 2004) (finding

Texas law permits service of process via certified mail, return receipt, and requires that service

of process on a corporation be directed to the president, vice president, or registered agent of the

corporation).

Here, Plaintiff's purported "Proof of Service" to the Court claimed that it accomplished

service via Certified Mail:

> ☒ Other *(specify):* Service accomplished via Certified Mail with Electronic Delivery Confirmation
> USPS# 9402611898765823877568 Delivered on December 12, 2020 and via email
> on ssmerek@foley.com and tsung@foley.com on December 7, 2020 pursuant to the
> Court's order granting leave to effect alternative service.

(Dkt. No. 13 at 1).  But Plaintiff's Proof of Service filing did not include any return receipt, and

did not include a signature from anyone at TP-Link USA, let alone those persons required by

Texas law.  *Id.*  As such, service of process is invalid.[17]  In one case in this district, the plaintiff

served the defendant with a summons and copy of the complaint by U.S. certified mail, return

receipt requested, but the return was not signed by anyone.  *Zubia v. Coleman & Associates,*

*P.C.,* No. EP-06-CV-00403-KC, 2006 WL 4453939, at *1 (W.D. Tex. Dec. 21, 2006) (Cardone,

J.).  While the court permitted the plaintiff to complete service properly pursuant to the rules, the

courts are not always so lenient.  *See Johnson v. Johnson,* No. 09-03-537-CV, 2004 WL

2610422, at *4 (Tex. App. Nov. 18, 2004) (holding that where return receipt was not signed by

the addressee, service of process was fatally defective).

### D.    The Principle of Comity Also Insists That Plaintiff's Service Be Found Invalid

Finding Plaintiff's service of process invalid, which the Court should for the reasons

discussed above, also aligns with the principles of comity.  "[E]ven when 'other methods of

obtaining service of process are technically allowed, principles of comity encourage the court to

insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to

secure service of process upon defendant."  *James Avery Craftsman*, No. SA-16-CV-00463-

OLG, 2018 WL 4688778, at *3 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No.

3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

The Hague Convention reflects principles of comity between nations.  Treaties are meant

to regulate conduct between nations.  *Medellin v. Texas*, 552 U.S. 491, 505 (2008).  And mutual

---

[17]  Here, Plaintiff requested, and the Court granted, that it be permitted to serve TP-Link China both via (1) email upon Foley ***and*** (2) "registered mail carrier with return receipt" upon TP-Link USA.  (Dkt. No. 10-3).  The plain language of the proposed Order (later granted by the Court) is in the conjunctive, and for service to be effected on TP-Link China, both specified methods were required to be completed.  *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).  Here, Plaintiff's invalid mail service on TP-Link USA alone provides a sufficient basis to dismiss this case for insufficient service of process and lack of jurisdiction.

enforcement of a treaty requires each signatory to continue the good-faith enforcement of its terms. *Id.*

Plaintiff has taken a reckless approach to comity and sets a poor standard for plaintiffs around the world as to good-faith application of the Hague Convention. Plaintiff's motion for leave for alternative service (Dkt. No. 10) did not recite a single reason why the conventional, formal channels for service provided by the Hague Convention should not be used here. Instead, the argument put forward by Plaintiff essentially boils down to the argument that alternative service of process is "justified" because it is consistent with "due process." (*See* Dkt. No. 10 at 4-6). But that argument merely goes to the alleged permissibility of Plaintiff's alternative service, and does not provide any *cause* for leave to use alternative service.

Thus, the Court was correct in denying Plaintiff's motion for alternative service and noting "Plaintiff has not even attempted to serve Defendant through readily available means." (November 12, 2020 Text Order denying Dkt. No. 10). The Court also properly decided that "if Plaintiff is still unable to effectuate service after exhausting all available avenues and attempting in good faith to serve Defendant, this Court will allow Plaintiff to file a motion again requesting leave to effect alternative service." *Id.*

But Plaintiff disregarded this Court's Order and continued to ignore the principles of comity—after receiving the Court's Order, there is no indication that Plaintiff initiated any Hague Convention procedures. Nor is there indication that Plaintiff has obtained, or even sought, Chinese translations of the eleven complaints (and indeed, Plaintiff has not yet provided any translations to date). *See Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *9 (N.D. Tex. Oct. 14, 2020) (finding lack of Chinese translation as further showing that plaintiff's service "falls short of

satisfying the dictates of the Hague Convention.").  And Plaintiff, during that period when the Court's instruction to exhaust all available avenues was in effect, elected against contacting the Foley attorneys who Plaintiff claimed were capable of accepting service to inquire, for example, whether they would accept or waive service on behalf of TP-Link China.[18]

In Plaintiff's reconsideration motion, rather than set forth any manifest error that the Court committed in its Order that required correction, or any new facts, Plaintiff merely argued, that the Court's Order required reconsideration because "Plaintiff is not required to first attempt service and fail before requesting alternative service as provided by the rules."[19]  (Dkt. No. 11 at 2-3 (November 17, 2020)).  Plaintiff did not argue that it was impermissible for the Court to have Plaintiff exhaust available avenues first, as the Court originally ordered.  Thus, as with its original motion (Dkt. No. 10), Plaintiff argued in essence that the Court *should* grant Plaintiff alternative service because the Court *could* grant such service.

That Plaintiff is a prolific patent assertion entity—with more than 150 cases filed in the last year—is all the more reason that principles of international comity should be given due deference.  Plaintiff seems to have duplicated its same approach in multiple other cases involving foreign corporations.  Plaintiff cannot be left unchecked.

---

[18]  Plaintiff's motion for alternative service inexplicably lists a series of individuals, presumably attorneys, who have no association with TP-Link China:

"In the present case, Messrs. Coyle, Higgins, Benson, Johnson, and Wang, currently represent Defendants with respect to cases filed against Defendants in the United States. Emailing Mr. Schnurer, Mr. Patariu, and Ms. Lu will thus apprise Defendants of this action—satisfying Rule 4(f)(3)."

(Dkt. No. 10 at 6).  To the extent this is a typographical error on Plaintiff's part, it further demonstrates Plaintiff's improperly hasty approach to formal international service of process.

[19]  *See eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 758 (E.D. Tex. 2012) (noting "general principle that motions for reconsideration are designed for the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.") (quotation marks omitted).

Other courts have not hesitated to require plaintiffs to follow the procedures of the Hague Convention, as the Court originally did here. *Prem Sales* is illustrative. 2020 WL 6063452, at *1. The plaintiff there, without having made any attempt to serve the defendant under the Hague Convention, requested leave to serve Chinese defendant via email. *Id*. After confirming that the Hague Convention applied because plaintiff's service required transmission of documents abroad, the court found that the plaintiff's request to be "inconsistent with and not authorized by the Hague Convention's delineated service methods." *Id.* at *9. The court ordered the plaintiff to "immediately commence efforts to serve [defendant] under the Hague Convention, in accordance with Federal Rule of Civil Procedure 4(f)(1)." *Id*. at *1, *9.

## V.   CONCLUSION

This Court cannot exercise jurisdiction over TP-Link China because Plaintiff has failed to properly serve its Complaint. Accordingly, the Court should either grant dismissal for insufficient service of process and lack of personal jurisdiction under Rules 12(b)(2) and 12(b)(5), or in the alternative, vacate its December 7, 2020 Order and quash Plaintiff's alternative service.

Dated: January 4, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*

    John T Johnson (*pro hac vice* pending)
    jjohnson@fr.com
    Jeffrey C. Mok (*pro hac vice* pending)
    jmok@fr.com
    7 Times Square, 20th Floor
    New York, NY 10036
    Tel: (212) 765-5070
    Fax: (212) 258-2291

    David M. Hoffman
    Texas Bar No. 24046084
    hoffman@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

**COUNSEL FOR DEFENDANT,**
**TP-LINK TECHNOLOGIES CO., LTD.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 4, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ David M. Hoffman*
David M. Hoffman