**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>Defendant. | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANT'S MOTION TO REDUCE THE NUMBER OF ASSERTED PATENT CLAIMS

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ........................................................................................................ 1

III. ARGUMENT ............................................................................................................. 3

A. The Court Should Exercise Its Authority to Require WSOU to Reduce the Number of Asserted Claims Early in this Litigation ............................................. 3

IV. CONCLUSION .......................................................................................................... 6

## I. INTRODUCTION

Plaintiff WSOU Investments, LLC ("WSOU") asserts 205 claims across eleven patents in these actions. Defendant TP-Link Technologies Co., Ltd. ("TP-Link China" or "Defendant") respectfully requests the Court order WSOU to reduce its asserted claims to a maximum of six claims per patent, for a total of 66 claims, before February 28, 2022. Defendant's request is consistent with the Court's approach in *Jenam Tech, LLC v. Google LLC*, Case No. 6-20-cv-00453-ADA, Dkt. 35 (W.D. Tex. Aug. 28, 2020), in which, early in the case, the Court suggested it would be reasonable to limit the plaintiff to 65 claims in a multi-patent case.

WSOU's massive assertion of claims is tactically driven to gain an improper advantage in the eleven separate cases that it decided to file (instead of filing a single case with eleven patents in it). WSOU hides which claims it will bring to trial, while forcing Defendant to expend resources and attention across 205 claims. Moreover, underscoring the unfairness to Defendant, WSOU's infringement contentions show that for many of the claims, WSOU either has no reasonable basis to assert them, or fails to provide notice of its infringement theory. Defendant submits that WSOU's conduct here is egregious and requires the Court's intervention.

Pursuant to Local Rule 7.1(a), the parties' counsel met and conferred on this motion. No agreement was reached.

## II. BACKGROUND

WSOU commenced this litigation on October 31, 2020 by filing eleven separate complaints, each asserting one patent. WSOU's allegations have ballooned since that time, and in its infringement contentions it asserted 205 patent claims. For many of these claims, WSOU's contentions contain no showing *at all* for certain claim limitations, only parroting the claim language and stating in boilerplate language that it would supplement its contentions later. Two

examples of this type of deficient disclosure by WSOU can be seen in the excerpt below, which pertains to claims 7 and 8 from U.S. Patent No. 7,174,180:

| 7,174,180, Claim 7 | Accused Products |
|---|---|
| 7. The apparatus of claim 6, wherein the delay indicator value for a data stream is incremented by a predetermined increment value during each timeslot, with the increment value being defined for the data stream. | Upon information and belief, the delay indicator value for a data stream is incremented by a predetermined increment value during each timeslot, with the increment value being defined for the data stream.<br><br>The Court's schedule sets a date for technical disclosures. Accordingly, Plaintiff has not been provided technical information regarding specific hardware components, software, implementation details, data structures and file formats. Plaintiff will supplement these contentions with additional details in accordance with the Court's schedule after it receives Defendants' technical disclosures. |
| **7,174,180, Claim 8** | **Accused Products** |
| 8. The apparatus of claim 7, wherein the current delay value is a ratio of the delay indicator value to the increment value. | Upon information and belief, the current delay value is a ratio of the delay indicator value to the increment value.<br><br>The Court's schedule sets a date for technical disclosures. Accordingly, Plaintiff has not been provided technical information regarding specific hardware components, software, implementation details, data structures and file formats. Plaintiff will supplement these contentions with additional details in accordance with the Court's schedule after it receives Defendants' technical disclosures. |

The excerpt above shows that WSOU has no basis at all to assert these claims.

In many other instances, WSOU's infringement contentions for a claim limitation simply cross reference its disclosures for another, different limitation, without explaining the relevance of the other disclosure. For instance, in the below "disclosure" for claim 10 of U.S. Patent No. 8,199,636, WSOU refers back to claim 1, without any further explanation, even though that claim does not include the same limitations recited in claim 10.

| 8,199,636, Claim 10 | Accused Products |
|---|---|
| 10. The bridged network system of claim 1 wherein multiple ones of the plurality of nodes are operable to receive and transmit the packet along the second route until the packet reaches an egress node in the plurality of nodes. | The Accused Products comprise a bridged network system, comprising a plurality of nodes wherein multiple ones of the plurality of nodes are operable to receive and transmit the packet along the second route until the packet reaches an egress node in the plurality of nodes.<br><br>See Claim 1.<br><br>The Court's schedule sets a date for technical disclosures. Accordingly, Plaintiff has not been provided technical information regarding specific data structures and file formats. Plaintiff will supplement these contentions with additional details within a reasonable time after it receives Defendants' technical disclosures. |

WSOU's infringement contentions are replete with "disclosures" like the ones above. Defendant faces great burden and expense in responding to WSOU's assertions, for example having to prepare invalidity contentions for all of the asserted claims. And WSOU seeks voluminous and burdensome discovery from Defendant for all 205 asserted claims across multiple product lines. For example, WSOU's Interrogatory No. 2 asks:

> For each Accused Product, state in detail an explanation of the factual basis for any assertions of non-infringement **of each the Patents on a claim-by-claim, element-by-element basis**, including a particularized statement about why a component, feature, or function of Your Accused Product is not present in or a substantial equivalent of the pertinent claim element. Please note that a response that merely restates the language of the claim(s) that You assert are not infringed is not sufficient.

(Interrogatory No. 2 (emphasis added)); *see also* Interrogatory No. 7 ("On a **claim-by-claim basis**, identify and describe in detail all non-infringing alternatives or substitutes for any alleged invention described or claimed in the Patents-in-Suit."); and Document Request No. 13 ("All documents Concerning . . . proper apportionment of the Accused Products for the Features **for each patent claim**," etc.) (emphasis added).

## III. ARGUMENT

### A. The Court Should Exercise Its Authority to Require WSOU to Reduce the Number of Asserted Claims Early in this Litigation

A district court has the authority to limit the number of asserted claims in a patent case. This is often done to promote judicial economy and management of a court's docket,[1] but in many cases, particularly where a plaintiff has asserted a massive number of claims, courts also order the narrowing of asserted claims during discovery to obviate the burden and prejudice to defendant from having to defend against unreasonably numerous claims.[2] That is the situation before the Court.

[1] *See* Fed. R. Civ. P. 16(c)(2)(P); *Stamps.com Inc. v. Endicia, Inc.,* 437 Fed. App'x. 897, 902–903 (Fed. Cir. 2011) (recognizing "[the district] court's authority to impose a limit on the number of claims" in patent litigation; affirming district court's limitation of claims across 11 patents to a total of 15 claims).

[2] *See, e.g., Medtronic*, 2013 WL 3322248, at *2-*3 (limiting plaintiff to four asserted claims per patent); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-CV-104-RC, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (limiting plaintiff to three claims per patent for claim construction and trial); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. Civ.A.04–0038-JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (reducing 90 claims from eight patents to ten claims during fact discovery); *Data Treasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-00072-DF-CMC, Dkt. No. 325 at 4 (E.D. Tex. Oct. 25, 2006) (in a case involving six patents, plaintiff was limited to 50 claims for its initial infringement contentions, with further reduction to no more than 18 claims prior to claim construction).

WSOU's massive assertion of claims in these cases has been unduly burdensome and prejudicial to Defendant. It had to provide preliminary invalidity contentions on for all of them, at great expense, and now will have to prepare final invalidity contentions, while also facing WSOU's overly broad discovery requests that are unreasonable because they seek information on a claim-by-claim basis—even the claims for which WSOU has provided no basis to assert. By maintaining so many asserted claims, WSOU gets to "hide the ball" as to the claims that it plans to truly litigate in this case. WSOU is able to focus its resource on a small handful of what it knows to be its key claims, while causing Defendant to split its attention across 205 claims. These cases should be resolved on the merits, not on the basis of unfair advantages gained tactically. The Court should intervene to ensure that these cases progress in a fair and orderly way to a trial.

Under the parties' agreed schedule, Defendant is due to serve final invalidity contentions on April 8, 2022 for the first two groups of the eleven patents asserted by WSOU, comprising five patents. Defendant requests that the Court order WSOU to reduce its asserted claims to no more than six claims per patent by February 28, 2022. This will allow Defendant to better focus its resources heading into final contentions and completing fact discovery. Defendant's request is reasonable and appropriate, and WSOU will suffer no prejudice for it.

Defendant's request here is consistent with what the Court found was reasonable in *Jenam Tech, LLC v. Google LLC*, Case No. 6-20-cv-00453-ADA (W.D. Tex.). At a scheduling conference held early in the case, the Court addressed the issue of number of asserted claims as follows:

> Parties discuss the number of claim terms. Defendant feels that the number of claims is too high. There are 8 patents in this case and probably more than 5 independent claims on each. The Court suggests 65 claims and if there are more than 65 then if they can

> persuade the defendant, or if not, the Court. After Markman if plaintiff wishes to add a very small number of claims the Court may allow that.

*Jenam Tech, LLC v. Google LLC*, Case No. 6-20-cv-00453-ADA, Dkt. 35 (W.D. Tex. Aug. 28, 2020) (minute entry for telephonic proceedings held before the Court). The reduction in claims sought by Defendant here is in line with the Court's thinking in *Jenam*.

The situation here is also similar to that in *Medtronic Minimed Inc. v. Animas Corp.*, No. 2:12-cv-04471-RSWL-RZ, 2013 WL 3322248, at *2-3 (C.D. Cal. Apr. 5, 2013), in which the plaintiff asserted 255 claims across nine patents. On defendant's motion to reduce the number of asserted claims, the plaintiff conceded that 255 claims was "far too many" to address at trial, but argued that it would be unfair to require it to reduce its claims before defendant provides its noninfringement and invalidity arguments on all the asserted claims. *Id.* at *2. The court disagreed and highlighted the prejudice that Defendant will suffer:

> [I]t appears to the Court that Defendant will actually suffer greater prejudice if this Motion is denied than Plaintiffs will suffer if the Motion is granted, for if Defendant has any hope of Plaintiffs voluntarily reducing the number of asserted claims, Defendant must first submit non-infringement and invalidity contentions to more than 200 patent claims, knowing full well that the vast majority of those contentions will become moot upon Plaintiff's reduction of claims shortly thereafter.

*Id.* In view of the unfair prejudice to defendant to defend against so many claims, the far lesser (or nonexistent) prejudice to plaintiff to reduce its claims, and the goal of promoting judicial economy, the court in *Medtronic* ordered plaintiff to promptly reduce its asserted claims to no more than four claims per patent. *Id.* at *3 (ordering compliance by May 1, 2013 in an order dated April 5, 2013).

The relief sought by Defendant—a cap of six asserted claims per patent at this stage of litigation, for a total of 66 claims across eleven patents—is eminently reasonable and threatens

no prejudice to WSOU. Indeed, many courts have required a far greater limitation of claims than that requested here. *See* Footnote 2, *supra*.

## IV.  CONCLUSION

WSOU's assertion of 205 patent claims unnecessarily multiplies Defendants' costs and unfairly prejudices its preparation for its defense on the merits. The reasonable limit requested by Defendant here would do much to relieve the unfair burden on Defendant while resulting in no prejudice to WSOU. Defendant respectfully requests that the Court grant its motion.

Dated: February 11, 2022

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ John T. Johnson*
David M. Hoffman
Texas Bar No. 24046084
Fish & Richardson P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Telephone: 512-472-5070
Facsimile: 512-320-8925

John T. Johnson (*admitted pro hac vice*)
Jeffrey C. Mok (*admitted pro hac vice*)
Michael F. Autuoro (*admitted pro hac vice)*
Fish & Richardson P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: 212-765-5070
Facsimile: 212-258-2291
633 West 5th Street, 26th Floor
Los Angeles, CA 90071

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 11, 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John T. Johnson*
John T. Johnson